NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190393-U

NO. 4-19-0393

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 15, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* E.E., a Minor, | ) | Appeal from |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | McLean County |
| Petitioner-Appellee, | ) | No. 18JA40 |
| v. | ) | |
| Joshua E., | ) | Honorable |
| Respondent-Appellant.) | ) | J. Brian Goldrick, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court. Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed concluding respondent's claim of ineffective assistance of counsel failed.

¶ 2    In March 2019, the State filed a petition to terminate the parental rights of respondent, Joshua E., as to his minor child, E.E. (born March 25, 2018).  Following a fitness hearing, the trial court found respondent unfit.  In May 2019, the court found it was in E.E.'s best interest to terminate respondent's parental rights.

¶ 3    Respondent appeals, asserting he received ineffective assistance of counsel where counsel failed to rebut the presumption of unfitness raised by certified copies of respondent's prior criminal convictions

¶ 4                                    I. BACKGROUND

¶ 5                                   A. Initial Proceedings

¶ 6            In April 2018, the State filed a petition for adjudication of wardship, in part

alleging E.E. was neglected pursuant to the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)b

(West 2016)), in that his environment was injurious to his welfare as evidenced by respondent's

(1) domestic violence and anger management issues and (2) substance abuse issues.  In June

2018, respondent admitted E.E.'s environment was injurious to his welfare as evidenced by

respondent's substance abuse issues, and the trial court entered an adjudicatory order finding

E.E. neglected.  In July 2018, the court entered a dispositional order (1) finding respondent unfit

and unable to care for E.E., (2) making E.E. a ward of the court, and (3) placing custody and

guardianship with the Department of Children and Family Services.

¶ 7            Respondent completed an integrated assessment at the beginning of the case.  The

report indicated respondent had "been diagnosed with Bipolar Disorder with psychotic features,

PTSD, and Anxiety.  During a manic episode, [respondent] experienced auditory and visual

hallucinations and psychosis for approximately 3 ½ weeks.  During this time, he did not eat or

sleep and became dehydrated.  He was arrested for aggravated battery after grabbing a stranger

by the arm and making threatening statements to him while manic."  The report also detailed a

history of nightmares and flashbacks to an unknown trauma.  Respondent's fiancée had been

murdered.  Respondent reported two suicide attempts at ages 19 and 20.

¶ 8                              B. Termination Proceedings

¶ 9            In March 2019, respondent mother surrendered her parental rights and the State

filed a petition to terminate respondent's parental rights.  The petition alleged respondent

(1) failed to maintain a reasonable degree of interest, concern, or responsibility as to E.E.'s

welfare; (2) was depraved; (3) failed to make reasonable efforts to correct the conditions that

were the basis for the removal of E.E.; (4) failed to make reasonable progress toward the return

of E.E.; and (5) was incarcerated, had been repeatedly incarcerated, and his repeated incarceration prevented him from discharging his parental responsibilities.

¶ 10                                      1. *Fitness Hearing*

¶ 11        At the beginning of the fitness hearing, the State elected to proceed on the allegations that respondent was depraved and that his repeated incarceration prevented him from discharging his parental responsibilities.  The trial court dismissed the remaining allegations of unfitness.  The State presented certified copies of respondent's prior criminal convictions.  In McLean County case No. 18-CF-211, respondent pleaded guilty to a Class 3 forgery and was sentenced to 30 months' conditional discharge.  In McLean County case No. 17-CF-101, respondent pleaded guilty to a Class 3 aggravated battery and, following the revocation of his probation in January 2019, respondent was sentenced to three years' imprisonment.  In McLean County case No. 16-CF-1064, respondent was convicted of a Class 4 unlawful possession of a controlled substance and, following the revocation of his probation, respondent was sentenced to two years' imprisonment to be served consecutively to the sentence in McLean County case No. 17-CF-101.  In McLean County case No. 13-CF-1219, respondent was convicted of a Class 3 unlawful possession of a controlled substance with intent to deliver and was sentenced to five years' imprisonment.  In Cook County case No. 10-C-33057201, respondent was convicted of a Class 2 burglary and, following the revocation of his probation, respondent was sentenced to three years' imprisonment.  In Macon County case No. 10-CF-1821, respondent pleaded guilty to theft with a prior conviction and was sentenced to 18 months' imprisonment.

¶ 12        Counsel for respondent did not object to the admission of the State's exhibits with the certified convictions.  Respondent presented no evidence at the hearing.  Respondent's

counsel argued the State failed to meet its burden of proof to establish the allegations of unfitness by clear and convincing evidence and asked that the court find respondent fit.

¶ 13        The trial court found the State established the rebuttable presumption that respondent was depraved based on his six prior felony convictions, several of which were within the last five years. Because respondent offered no evidence to rebut the presumption, the court found the State established by clear and convincing evidence that respondent was depraved. The court found the State established respondent's repeated incarceration prevented him from discharging his parental responsibilities by clear and convincing evidence. The court noted respondent was incarcerated at the time the petition to terminate his parental rights was filed and he had been repeatedly incarcerated during E.E.'s life.

¶ 14                            2. *Best-Interest Hearing*

¶ 15        The matter proceeded to a best-interest hearing. A best-interest report indicated E.E. was in a stable, loving foster placement with his paternal great aunt since birth. The foster placement provided permanency and the foster parent expressed willingness to adopt E.E.

¶ 16        Lois A., E.E.'s foster mother, testified E.E. was settled and happy in her home. Lois A. indicated she wished to adopt E.E. if respondent's parental rights were terminated. In Lois A.'s opinion, it was in E.E.'s best interest to remain in her home and become a permanent member of her family.

¶ 17        Respondent testified he loved E.E. and did not believe his parental rights should be terminated. According to respondent, he complied with his service plan, completed parenting classes, and obtained stable income and housing. Respondent acknowledged being a recovering addict and stated he made a mistake in running from his problems, which resulted in his probation revocation in January 2019 and a five-year prison sentence. Respondent testified there

was a possibility he might be released from prison earlier than expected because he was eligible for good-time credit. Respondent admitted that E.E. would be in foster care close to three years before respondent would be able to provide a stable home.

¶ 18       The trial court noted E.E. had been in foster care for his entire life and respondent was presently incarcerated. The court further noted respondent had numerous felony convictions that led to his incarceration on a continual basis over the previous several years. Additionally, the court pointed to respondent's relapse and flight to Arizona which led to the revocation of his probation in January 2019 and a five-year prison sentence. The court considered the best-interest factors and determined the foster placement was stable, loving, and provided permanency. The court concluded the State proved by a preponderance of the evidence that it was in E.E.'s best interest to terminate respondent's parental rights. Accordingly, the court entered a written order terminating respondent's parental rights.

¶ 19       This appeal followed.

¶ 20                            II. ANALYSIS

¶ 21       On appeal, respondent argues he received ineffective assistance of counsel where counsel failed to rebut the presumption of unfitness raised by certified copies of respondent's prior criminal convictions.

¶ 22       In a proceeding to terminate parental rights, the State has the burden of proving parental unfitness by clear and convincing evidence. *In re Jordan V.*, 347 Ill. App. 3d 1057, 1067, 808 N.E.2d 596, 604 (2004). In making such a determination, the court considers whether the parent's conduct falls within one or more of the unfitness grounds described in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2016)). Evidence of unfitness based on any ground enumerated in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2016)) is

enough to support a finding of unfitness, even where the evidence may not be sufficient to support another ground. *In re C.W.*, 199 Ill. 2d 198, 210, 766 N.E.2d 1105, 1113 (2002). A reviewing court will not overturn the trial court's finding of unfitness unless it is against the manifest weight of the evidence. *Jordan V.*, 347 Ill. App. 3d at 1067.

¶ 23 A parent may be found unfit based on a finding of depravity. *In re Gwynne P.*, 346 Ill. App. 3d 584, 598, 805 N.E.2d 329, 341 (2004). "Illinois courts have defined depravity as an inherent deficiency of moral sense and rectitude." (Internal quotation marks omitted.) *Id.* If the parent has been convicted of at least three felonies and one of the convictions happened within five years of the petition seeking the termination of parental rights, there is a rebuttable presumption of depravity. *Id.*

¶ 24 In this case, there is no question the State presented sufficient evidence to establish the rebuttable presumption that respondent was depraved. The State presented certified copies of respondent's felony convictions for (1) forgery, (2) aggravated battery, (3) unlawful possession of a controlled substance, (4) unlawful possession of a controlled substance with intent to deliver, (5) burglary, and (6) theft with a prior conviction. The forgery, aggravated battery, and unlawful possession of a controlled substance all occurred within five years of the petition to terminate respondent's parental rights.

¶ 25 As noted above, respondent contends his counsel provided ineffective assistance for failing to rebut this presumption of depravity. Specifically, respondent points to an integrated assessment completed at the beginning of the case documenting respondent's history of mental-health issues. Respondent argues his counsel was ineffective for failing to introduce this evidence to rebut the presumption of depravity the State established. According to respondent,

had this evidence been raised, the State would have had to prove depravity by clear and convincing evidence.

¶ 26        "In a termination of parental rights proceeding, parents are entitled to effective assistance of counsel." *In re M.F.*, 326 Ill. App. 3d 1110, 1119, 762 N.E.2d 701, 709 (2002). To establish ineffective assistance of counsel, a respondent must show (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting *In re A.R.*, 295 Ill. App. 3d 527, 531, 693 N.E.2d 869, 873 (1998)).

¶ 27        Even assuming counsel provided deficient performance by failing to rebut the presumption of depravity, we conclude respondent cannot show prejudice. Absent is a reasonable probability sufficient to undermine confidence in the outcome or to suggest the trial court would have found respondent fit had counsel introduced evidence of respondent's mental-health issues. Although respondent's mental-health issues may provide some explanation or context for his felony convictions, it fails to show respondent is rehabilitated or able and willing to conform to accepted morality. *In re L.J.S.*, 2018 IL App (3d) 180218, ¶ 18, 115 N.E.3d 1003 (the State may establish depravity by showing an inability or unwillingness to conform to accepted morality).

¶ 28        Here, respondent had *six* felony convictions, three of which occurred within five years of the petition to terminate his parental rights. Respondent was incarcerated at the time the petition was filed after multiple recovery court violations and following his probation revocation in January 2019. Moreover, the record shows his probation was revoked after he relapsed and had a positive drug screen in September 2018. Instead of re-engaging in services, the record

shows respondent fled to Arizona to avoid apprehension and then fought extradition to Illinois after his arrest. Even if counsel introduced the evidence of respondent's mental-health issues—which, as the State points out, were in fact a matter of record in this case—there is no reasonable probability that the outcome of the fitness hearing would have been different. Respondent cannot show his counsel's alleged deficient performance caused him prejudice. Accordingly, respondent's claim of ineffective assistance of counsel fails.

¶ 29    We note the trial court's finding of depravity was not against the manifest weight of the evidence. We need not review all the grounds for a finding of unfitness if we uphold the trial court's finding as to one ground of unfitness. See *In re D.H.*, 323 Ill. App. 3d 1, 9, 751 N.E.2d 54, 61 (2001). We therefore decline to address the arguments raised regarding the finding of unfitness based on repeated incarceration. As respondent does not challenge the trial court's best-interest finding, we decline to address it. Accordingly, we affirm the judgment of the trial court.

¶ 30                             III. CONCLUSION

¶ 31    For the reasons stated, we affirm the judgment of the trial court.

¶ 32    Affirmed.